UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GOLDEN SURROGACY LLC, an Illinois limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| CONCEIVEABILITIES, INC., an Illinois corporation, and Nazca Fontes, an individual, | ) ) ) ) | JURY TRIAL DEMANED |
| Defendants. | ) | |

## COMPLAINT

Plaintiff GOLDEN SURROGACY LLC ("Golden Surrogacy" or "Plaintiff"), by and through its undersigned counsel, hereby brings the following Complaint against Defendants Conceiveabilities, Inc. ("Defendant Conceiveabilities") and Nazca Fontes ("Defendant Fontes") (together, "Defendants"). In support thereof, Golden Surrogacy states as follows:

### INTRODUCTION

1. This is an action for federal unfair competition, deceptive trade practices, and breach of contract.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§1331, 1338 (for claims arising under 15 U.S.C. §1125 of the Lanham Act) and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338, 1367.

3. Venue and personal jurisdiction is proper in the Northern District of Illinois under 28 U.S.C. 1391 (b) and (c) and 15 U.S.C. 1121 since, *inter alia*, a substantial part of the events

or omissions giving rise to the claims occurred in this district, Defendant is an Illinois corporation with its principal base of business in Illinois, and Plaintiff is an Illinois limited liability company with its principal place of business in Illinois.

## PARTIES

4. Plaintiff Golden Surrogacy LLC is an Illinois limited liability company with its principal place of business located at 40 Skokie Blvd, Suite 260, Northbrook, IL 60062.

5. Defendant Conceiveabilities, Inc. is an Illinois corporation with its principal place of business located at 2 N. Riverside Plaza, Chicago, Illinois 60606.

6. On information and belief, Defendant Nazca Fontes is an individual who resides in Cook County, Illinois.

## BACKGROUND

7. Wanting to help other couples start families, Frank and Adam Golden started Golden Surrogacy LLC in the summer of 2013.

8. In June of 2014, Plaintiff began using the service mark "EVERYONE DESERVES A FAMILY" in connection with its surrogacy services. *See* Combined Exhibit 1. Since 2014, Plaintiff has used its EVERYONE DESERVES A FAMILY mark continuously and substantially exclusively. *See* Combined Exhibit 1.

9. Defendant Conceiveabilities, on the other hand, began using the infringing mark EVERYONE DESERVES A FAMILY in July of 2015. *See* Exhibit 2.

10. Two months later, in September of 2015, Defendant Conceiveabilities filed for a federal trademark registration and represented in its signed application that July 30, 2015 was the first date (or "at least as early as" date) that it used its mark in interstate commerce (the date the company began using the mark coincided with its July 2015 re-branding). *See* Exhibit 2.

11. Without knowledge of Defendant Conceiveabilities' application (applications submitted to the USPTO take a few days to show up on the USPTO database), Plaintiff submitted its own application the very next day. Eventually noticing Defendant Conceiveabilities' application, Plaintiff sent a letter to Defendant Conceiveabilities demanding that it stop using the mark and abandon its trademark application. *See* Exhibit 3.

12. In response to Plaintiff's letter, Defendant Conceiveabilities changed its story and thereafter claimed that it first used the EVERYONE DESERVES A FAMILY mark sometime in 2009 (and then later claimed 2008).

13. Defendants' "proof" of this use before 2015 consisted only of suspect "old" brochures and the self-serving testimony of Defendant Fontes, the founder and CEO of Conceiveabilities, Inc. Digital files and other records for the brochures were suspiciously unavailable due to a past "massive crash" of Defendant Conceiveabilities' computers, and due to the fact that the only printing companies Defendants could remember using for these brochures either had its records destroyed by a fire or had long since been out of business.

14. A lawsuit between Plaintiff and Defendant Conceiveabilities commenced in November of 2015.

15. On December 2, 2016, the case was terminated after the parties mutually agreed to dismiss with prejudice their claims and counterclaims. This stipulated dismissal was one of the terms to a settlement agreement executed by the parties on November 29, 2016 ("the Settlement Agreement"). *See* Exhibit 4.

16. Per the terms of the Settlement Agreement, Defendant Conceiveabilities agreed to "completely and permanently cease using the phrase 'EVERYONE DESERVES A FAMILY' in connection with the sale of, provision of, offering for sale of, advertising of, marketing of, any

surrogacy-related goods or services, including but not limited to any website, social media account, meta tag, marketing material, promotional material, or advertising material, by December 31, 2016." *See* Exhibit 4.

17. Per the terms of the Settlement Agreement, Defendant Conceiveabilities agreed to "destroy or cause to be destroyed all physical material, and delete or cause to be deleted all electronic and online material on Facebook® and Instagram® created since July 1, 2016 within its reasonable control, that contains the phrase "EVERYONE DESERVES A FAMILY," by December 31, 2016." *See* Exhibit 4. Defendant Conceiveabilities also agreed to "delete or cause to be deleted all past iterations of or references to the phrase "EVERYONE DESERVES A FAMILY" that exists within the headers or homepages of its LINKEDIN® account, Pinterest® account, YouTube® account, Facebook® account, Instagram® account, Twitter® account, Tumblr® account, or Google Plus® account, *or any reference on its website*" by December 31, 2016. *See* Exhibit 4.

18. Per the terms of the Settlement Agreement, Defendant Conceiveabilities agreed to "expressly abandon" its federal trademark application "within 7 ("seven") days after the Execution Date." *See* Exhibit 4.

19. However, Defendant Fontes (who personally and exclusively directs Defendant Conceiveabilities' actions) failed to delete all past iterations of and references to the phrase "EVERYONE DESERVES A FAMILY" that existed within the headers or homepages of its social media accounts and website and actively posted the phrase after the November 29, 2016 execution date of the Settlement Agreement.

20. First, on December 13, 2016, Defendants posted the phrase EVERYONE DESERVES A FAMILY on Facebook. *See* Exhibit 5.

4

21. Second, after December 31, 2016, Defendants failed to remove the EVERYONE DESERVES A FAMILY phrase from its website, including its homepage, its "About" Page, and various other places. *See* Exhibits 6-8.

22. Plaintiff immediately brought these violations to Defendants' attention and the Defendants' attorney responded in an email as follows:

> Nazca responded to me as follows: her company started a migration of its server in December and it has not been completed yet. She believes she cannot interfere with the website to do coding (?) but will get the statements corrected as soon as the site has been fully migrated, which is to occur by January 31. She will correct the FB/Instagram issues by the end of this week.

*See* Exhibit 9.

23. Plaintiff immediately notified Defendants that this was an "unacceptable answer," that the website should have been changed prior to any "migration," and that Plaintiff would not wait a month for Defendants to rectify their clear violations of the Settlement Agreement. *See* Exhibit 10.

24. Although Defendants finally fixed several of the complained-of social media violations on January 12, 2017, Defendants refused to immediately remove the phrase from their website—in direct violation of the Settlement Agreement.

25. Worse, on or around January 25, 2017, Defendants finally changed their website and began using the virtually identical YOU DESERVE A FAMILY mark on the homepage of the Conceiveabilities, Inc. website. *See* Exhibit 11.

26. Plaintiff vigorously objected to Defendants' selection and use of a mark virtually identical to the mark about which the parties both just spent over a year—as well as tens of thousands of dollars—litigating. *See* Exhibit 12. In response to Plaintiff's objections, counsel for Defendants flippantly stated, "Our recent investigation shows that many others are now using

5

the EVERYONE DESERVES A FAMILY phrase in connection with surrogacy services, such that the mark is losing or has lost any distinctiveness it may have had." *See* Exhibit 13.

27. In addition to the fact that Defendants' position is entirely disingenuous, Plaintiff fully investigated these alleged third-party uses and policed what were at most *minimal* and *sporadic* uses by mostly innocent parties in other states. *See* Combined Exhibit 14

28. Moreover, on February 6, 2017, Plaintiff notified Defendants of 16 additional violations. *See* Exhibit 15. Defendants have yet to remedy all of these violations.

29. Defendants' multiple violations of the Settlement Agreement, along with their egregious new use of YOU DESERVE A FAMILY mark has caused and will continue to cause Plaintiff substantial damages.

30. In addition to the costs and attorney fees incurred investigating, monitoring, and stopping Defendants' multiple uses of the EVERYONE DESERVES A FAMILY phrase on Conceiveabilities' website and social media accounts, Plaintiff is also suffering material damage to its brand and goodwill by Defendants' bad-faith and egregious use of "YOU DESERVE A FAMILY" plastered on the top of the website homepage and elsewhere. *See* Exhibit 11.

31. Defendants' use of YOU DESERVE A FAMILY" is likely to confuse consumers and will undermine if not entirely destroy Plaintiff's ability to promote its mark and encourage the online search of its services via the mark. Plaintiff is unable to fully advertise and use its EVERYONE DESERVES A FAMILY service mark out of fear that its clients and potential clients will be confused by Defendants' mark and website.

32. Defendants are also stealing internet traffic from Plaintiff through their use of the phrase "YOU DESERVE A FAMILY," which shares key searching terms with Plaintiff's

6

phrase. Defendants' decision to place that phrase on the top of the website's home screen ensures maximum search engine optimization.

33. Defendants, by using a virtual identical mark to the one their just agreed to permanently stop using on the top banner of their website, have given the proverbial middle finger to Plaintiff. They want to hurt Plaintiff and its mark and force Plaintiff to spend money to protect its rights.

**COUNT I**
**Unfair Competition, 15 U.S.C. § 1125(a)**

34. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1-33.

35. Plaintiff, by virtue of nearly three years of continuous and substantially exclusive nationwide use of the inherently distinctive and source-identifying EVERYONE DESERVES A FAMILY mark, owns exclusive rights to the EVERYONE DESERVES A FAMILY mark for use in connection with surrogacy-related services in the United States—and particularly in Illinois.

36. On or around January 25, 2017, and without Plaintiff's authorization, Defendants on their website and elsewhere began using virtually the exact same service mark ("YOU DESERVE A FAMILY" vs. "EVERYONE DESERVES A FAMILY") in connection with the exact same services (surrogacy-related services)—just two months after Defendants agreed to permanently cease using EVERYONE DESERVES A FAMILY and agreed to expressly abandon its federal trademark application in order to allow Plaintiff's EVERYONE DESERVES A FAMILY mark to register.

37. Defendants purposefully chose the name "YOU DESERVE A FAMILY" due to its virtual identity with Plaintiff's well-recognized EVERYONE DESERVES A FAMILY mark.

7

38. Defendants' promotion, advertising, and provision of its services under the YOU DESERVE A FAMILY mark is likely to continue to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of its services, and has caused and likely will continue to cause a false designation of origin such that the consumers believe in error that the Defendant Conceiveabilities' services have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff, or that Defendant Conceiveabilities is in some way affiliated with Plaintiff.

39. The foregoing acts are in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). Indeed, Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill and commercial magnetism associated with the Plaintiff's mark to the great and irreparable injury of Plaintiff.

40. Defendants have made clear that they intend to continue to use the infringing mark to advertise and sell their services unless restrained by this Court.

41. Defendants' acts have caused damages and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law. Specifically, Defendants' use of the infringing mark is and will continue to weaken the source-identifying power of Plaintiff's mark, will continue to purloin and undermine Plaintiff's goodwill, will continue to steal internet traffic from Plaintiff, and will likely cause consumers to mistakenly retain Defendants' services instead of Plaintiff's services.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendant as follows:

(a) A permanent mandatory injunction ordering Defendant to stop passing its services off as Plaintiff's services or otherwise confusing consumers by using the YOU

DESERVE A FAMILY mark (or anything confusingly similar thereto) in connection with its surrogacy-related services, including but not limited to use on any website, social media account, and marketing collateral;

(b) Damages associated with Defendants' infringement, in an amount to be determined at trial, but in no event less than $25,000;

(c) Plaintiff's cost and reasonable attorneys' fees in the Court's discretion;

(d) Both pre-judgment and post-judgment interest; and

(e) Such other and further relief as this Court finds just and equitable.

## COUNT II
## Violation of Uniform Deceptive Trade Practices Act, 815 ILCS § 510 et seq.

42. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1-41.

43. Defendants' use of the confusingly similar phrase "YOU DESERVE A FAMILY" in connection with its services constitute unfair competition in violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510/1 et seq.).

44. Defendants' acts are likely to continue to cause confusion, mistake, and deception among consumers, the public and the trade as to whether Defendant Conceiveabilities' infringing services originate from, or are affiliated with, sponsored, or endorsed by Plaintiff.

45. By using this confusingly similar mark, Defendants have made and will continue to make commercial gains to which it is not in law or equity entitled and weaken and diminish Plaintiff's mark and confuse Illinois consumers.

46. Defendants intend to continue to use the infringing mark to advertise and sell its services unless restrained by this Court.

47. Defendants' use of an infringing mark in fact and proximately has caused and will continue to cause injury to Illinois consumers and to Plaintiff.

48. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendants follows:

(a) A permanent mandatory injunction ordering Defendant to stop passing its services off as Plaintiff's services or otherwise confusing consumers by using the YOU DESERVE A FAMILY mark (or anything confusingly similar thereto) in connection with its surrogacy-related services, including but not limited to use on any website, social media account, and marketing collateral;

(b) Damages to Illinois consumers and Plaintiff, in an amount to be determined at trial, but in no event less than $25,000;

(c) Plaintiff's costs, attorney's fees, investigatory fees, and expenses to the full extent provided by applicable law;

(d) Both pre-judgment and post-judgment interest; and,

(e) Such other and further relief as this Court finds just and equitable.

## COUNT III
### Breach of Contract

49. Plaintiff incorporates by reference into this Count all of the allegations appearing in paragraphs 1-48 as if set forth fully herein.

50. On November 29, 2016, Plaintiff and Defendant Conceiveabilities (by the hand of Defendant Fontes, CEO of Conceiveabilities, Inc.) entered into a binding Settlement Agreement. *See* Exhibit 4.

51. Plaintiff has substantially complied with and performed in accordance to the terms of the Settlement Agreement: Plaintiff (1) released Defendant Conceiveabilities from all known or unknown claims, (2) dismissed its Opposition against Defendant Conceiveabilities' federal trademark application (so that Defendant Conceiveabilities could then expressly abandon it), and (3) worked with Defendant Conceiveabilities to dismiss with prejudice its claims against Defendant Conceiveabilities and did dismiss its claims against Defendant Conceiveabilities via a stipulated dismissal.

52. Nevertheless, Defendants violated the Settlement Agreement numerous times by not removing and continuing to use the phrase EVERYONE DESERVE A FAMILY on its website and social media accounts.

53. The foregoing breaches of contract have directly and proximately caused and are causing Plaintiff damages, including marketplace confusion and dilution, and harm to the company's reputation and relations with its customers and potential customers.

54. Additionally, implied as a matter of law in the Settlement Agreement between Plaintiff and Defendants is a covenant of good faith and fair dealing between the contracting parties, which mandates (as though expressly set forth in the agreement) that Defendants deal fairly and honestly with respect to all matters pertaining to the Settlement Agreement.

55. Pursuant to this implied covenant of good faith and fair dealing, Defendants—vested with contractual discretion to select a new service mark that did not infringe on the service mark it just agreed to permanently cease using—were obligated to act reasonably and in good faith in exercising this discretion.

56. Defendant Conceiveabilities, acting at the direction of its CEO (Defendant Fontes), unreasonably selected and now uses a virtually identical service mark (YOU DESERVE

A FAMILY) to the mark they just agreed to permanently cease using per the terms of the Settlement Agreement (EVERYONE DESERVES A FAMILY).

57. Defendants' actions, which were undertaken in bad faith, were wholly inconsistent with Plaintiff's reasonable expectations and therefore breached the implied covenant of good faith and fair dealing between the Parties.

58. As a direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered and continues to suffer significant damages including, but not limited to, lost sales, lost profits, attorneys' fees, costs, consequential damages, and interest on money owned.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in its favor and against Defendants, include the following relief:

> (a) An order mandating that Defendants remove all instances of or references to the phrases "EVERYONE DESERVES A FAMILY" and "YOU DESERVE A FAMILY" (and any phrase or mark confusingly similar thereto) on its website, social media, or any other place prohibited by the Settlement Agreement;
>
> (b) Damages to Plaintiff, in an amount to be determined at trial but in no instance less than $50,000;
>
> (c) Plaintiff's costs, attorney's fees, investigatory fees, and expenses to the full extent provided by applicable law;
>
> (d) Both pre-judgment and post-judgment interest; and,
>
> (e) Such other and further relief as this Court finds just and equitable.

## **Demand for Trial by Jury**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a trial by Jury in this matter.

Dated: March 27, 2017

                                                  Respectfully submitted,

                                                  /s/Daliah Saper
                                                  Daliah Saper
                                                  Saper Law Offices, LLC
                                                  505 N. LaSalle Suite 350
                                                  Chicago, Illinois 60654
                                                  Phone: (312) 527-4100
                                                  ARDC No.: 6283932
                                                  ds@saperlaw.com

                                                  Matthew R. Grothouse
                                                  Saper Law Offices, LLC
                                                  505 North LaSalle, Suite 350
                                                  Chicago, IL 60654
                                                  Phone: (312) 527-4100
                                                  ARDC No.: 6134834
                                                  matt@saperlaw.com